**STATE of Missouri, Respondent,**

v.

**Carl E. WILLIAMS, Appellant.**

**No. 41855.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 22, 1980.

---

Nelson B. Rich, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant appeals from his conviction by the court of the charge of burglary second degree and stealing in conjunction with burglary. He was sentenced to serve a term of five years on each charge, the sentences to run concurrently.

Defendant was charged with burglary of a business known as B. D. Berger & Associates, the property of Barron D. Berger, Jr., and with stealing money and property from said Barron D. Berger, Jr. This business and several others located at 23 North Gore were broken into on the night of November 18, 1978.

Defendant waived a jury trial and submitted the cause to the court on stipulated facts. On appeal, defendant contends that there was insufficient evidence to convict him of either burglary or stealing.

■ The finding of the court in a jury-waived criminal case has the effect of a jury verdict and must be reviewed in the same manner. Rule 27.01(b) [1]; *State v. Mares*, 570 S.W.2d 332, 333 (Mo.App.1978). Our supreme court recently set forth our standard of review:

In determining the sufficiency of the evidence in a criminal case after the verdict

1. Citation is to the new Rule 27.01(b) effective January 1, 1980.

of guilty, the Court accepts as true all evidence in the record tending to prove the defendant's guilt, whether such evidence is circumstantial in nature, together with favorable inferences that can be reasonably drawn therefrom and disregards all contrary evidence and inferences. . . .

When the state's case rests upon circumstantial evidence, 'the facts and circumstances must be consistent with each other and with the hypothesis of defendant's guilt, and they must be inconsistent with his innocence and exclude every reasonable hypothesis of his innocence.' . . .

The application of this circumstantial evidence rule is realistically tempered, however, such that the circumstances need not be absolutely conclusive of guilt or demonstrate impossibility of innocence. '[T]he mere existence of other possible hypothesis is not enough to remove the case from the jury.' [Citations omitted].

*State v. Morgan*, 592 S.W.2d 796, 805 (Mo. banc 1980).

■ By stipulation, defendant agreed that the court would consider the police report and the evidence adduced at a hearing on a motion to suppress which was not excluded by the sustaining of defendant's motion to suppress.[2]

The evidence properly before the court revealed that several businesses were located in a building at 23 North Gore. One of them was known as B. D. Berger & Associates. At 10:49 p. m., Officers Walsh and Talbot responded to a burglar alarm sounding at 23 North Gore. As Officer Talbot alighted from his car, he saw two men running from the area of the rear of the building. He ran in their direction which brought him to the rear of the building. Officer Talbot noticed a door ajar and immediately radioed to another police vehicle, driven by Officer Parker, of the fleeing men's direction of travel. Although Officer Talbot could not describe the fleeing men's facial features, he could describe their race,

size, and clothing. Two men were apprehended by Officer Parker within one-half block of the burglarized premises, one of the men being defendant. When Officer Talbot searched the defendant, he found a total of $96.72 in currency and coins stuck in defendant's various pockets. He also found in defendant's pockets, two cancelled checks imprinted with the name "B. D. Berger & Associates" and 25 blank checks imprinted with the name "B. D. or Patricia A. Berger." A large screwdriver was found on defendant's person. A police officer discovered defendant's automobile parked approximately 200 feet in back of the burglarized premises. Officer Talbot had observed defendant running in a direction away from the parked automobile. The stipulated facts indicated that the Berger business had been burglarized and that marks were found next to the lock of the door. The owner of the Berger business had reported to the police that approximately $400 in rolled coins had been taken from the file box under a table in the northeast corner of the office. The empty box was found on the floor. At the rear entrance of one the burglarized premises, 295 pieces of clothing were found which were identified as property belonging to that particular store.

We believe that the above facts taken in the light most favorable to the state make a submissible case of burglary in the second degree and stealing in conjunction with burglary against the defendant. Here, we find the facts and circumstances consistent with each other and with the hypothesis of defendant's guilt and inconsistent with the hypothesis of his innocence.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

---

2. The excluded evidence consisted of property found in defendant's car during a search conducted without a search warrant.