STATE of Missouri, Respondent,

v.

Lonnie Andrew MORRIS, Appellant.

No. 45720.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 10, 1983.

Motion for Rehearing and/or Transfer
Denied July 6, 1983.

Application to Transfer
Aug. 16, 1983.

Henry Robertson, Public Defender, Mary-Louise Moran, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of burglary in the second degree in

violation of § 569.170, RSMo.1978. The court found defendant to be a persistent offender and sentenced him to 14 years' imprisonment. We affirm.

At trial, the state introduced evidence of the following facts. Around 9:30 a.m. on September 7, 1981, Robert Domrese noticed his and his girlfriend's bicycles were in his garage where he normally kept them. He left his garage door open that morning. At approximately 10:00 a.m. or 10:30 a.m., Domrese again noticed both the bicycles were in the garage. Around noon of the same day, James Dwyer, Domrese's neighbor, encountered the defendant in the alley behind Domrese's garage and asked him what he was doing there. After receiving no reply, Dwyer told his wife to call the police, got a camera from his house, and proceeded to his car. At about the same time, Domrese heard someone walking down the alley by his garage. He looked out his open balcony door and could plainly see the defendant in the alley. The defendant then disappeared behind Domrese's garage. Approximately 30 seconds after losing sight of the defendant, Domrese heard the clicking noise of a 10-speed bicycle in the alley. He then saw the defendant coasting down the alley on a bicycle he recognized as one of the two kept in his garage. Domrese started to chase the defendant on foot, and Dwyer pursued in his car. During the chase, the defendant ran into a parked car. Dwyer stopped and took a picture of the defendant before the defendant continued on. Soon after this collision, Dwyer and the defendant had a small collision. The defendant dropped the bicycle and ran. Domrese then caught up with Dwyer, and they put the bicycle in Dwyer's car and continued the pursuit. They were joined by the police who, shortly thereafter, arrested the defendant. At the close of the state's evidence, defendant made a motion for acquittal on the ground that the state had failed to produce evidence sufficient to sustain a conviction of burglary. The court denied this motion.

After his arrest, defendant made the following signed statement: "I Lonnie Morris was walking thru alley seen bycle [sic] setting beside garage rode bycle [sic] to taylor and maryland. arrested on delmar and taylor."

In his principal point on appeal, defendant contends the court erred in sustaining the state's motion to exclude his statement on the ground it was self-serving. The defendant wanted the statement admitted into evidence to strengthen his case for the lesser crime of stealing. Defendant maintains his statement was an admission against interest rather than a self-serving statement and, therefore, should have been allowed into evidence. However, even if we accept defendant's characterization of his statement as an admission, we find it was inadmissible.

Admissions are exceptions to the hearsay rule. *State v. Mueller*, 598 S.W.2d 564, 567 (Mo.App.1980). However, the hearsay rule can be satisfied only if the admission is offered by the party opponent. The theory behind the hearsay rule excludes out-of-court statements unless the party against whom the statement is offered has had sufficient opportunity to test the credibility of the maker and reliability of the statement. When an admission is offered against the maker, the maker has no need to test his own credibility or the veracity of his own statement. Furthermore, he can take the stand and explain his out-of-court statement. On the other hand, if the admission is offered for the maker, it does not satisfy the hearsay rule. In that situation, the party opponent does not have adequate opportunity to test the credibility of the maker and the reliability of the statement. 4 *Wigmore on Evidence* § 104 (Chadbourn rev. 1972); *See also Stratton v. City of Kansas City*, 337 S.W.2d 927, 931 (Mo.1960). The court did not err in granting the state's motion to exclude defendant's statement.

In his other point on appeal, defendant contends the trial court erred in overruling his motion for acquittal at the close of the state's case because there was insufficient evidence to support a finding that defendant unlawfully entered the garage.

In determining sufficiency, we view the evidence along with all reasonable inferenc-

es in the light most favorable to the state, and we disregard all contrary evidence and inferences. *State v. Nichelson,* 546 S.W.2d 539, 542 (Mo.App.1977). Within this framework, the evidence recited above was clearly sufficient to support a conviction of burglary. The jury could have reasonably inferred that defendant knowingly entered the garage unlawfully with the intent to steal the bicycle.[1] Circumstantial evidence need neither be conclusive of guilt nor demonstrate an impossibility of innocence. The mere existence of a hypothesis inconsistent with the defendant's guilt is not enough to remove the case from the jury. *State v. Morgan,* 592 S.W.2d 796, 805 (Mo. banc), *vacated,* 449 U.S. 809, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980), *readopted,* 612 S.W.2d 1 (Mo. banc 1981). Therefore, the mere possibility that someone other than defendant removed the bicycle from the garage and that defendant took the bicycle from outside the garage did not require the trial court to grant defendant's motion for acquittal.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

1. Under § 569.170, RSMo.1978, forced entry is not an element of burglary in the second degree. The state need only prove that defendant knowingly entered a building, without license or privilege, for the purpose of committing a crime inside. *State v. Chandler,* 635 S.W.2d 338, 342 (Mo. banc 1982).