**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles Raymond WALKER, Defendant-Appellant.**

No. 13837.

Missouri Court of Appeals, Southern District, Division One.

May 16, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied June 3, 1985.

Application to Transfer Denied Aug. 7, 1985.

**238**

William L. Webster, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Holly G. Simons, Asst. Public Defender, Columbia, for defendant-appellant.

GREENE, Judge.

After waiving a jury, Charles Raymond Walker was court-tried and convicted of first degree burglary for which he received a seven year sentence.

On appeal, Walker contends the evidence was insufficient to sustain the conviction. Under the facts of this case, it was necessary for the state to prove, beyond a reasonable doubt, that Walker knowingly and unlawfully entered a building in Monett, Missouri, owned by Mr. and Mrs. Joe Gripka, and that at the time Walker made his unlawful entry, another person, who was not a participant in the burglary, was present in the building. § 569.160.1(3), RSMo 1978.

This is a circumstantial evidence case. That fact, however, does not alter the rule that in reviewing a claim that the evidence was not sufficient to support the conviction, we accept as true all evidence and reasonable inferences to be drawn therefrom favorable to the state, and disregard all evidence and inferences to the contrary. *State v. Williams*, 652 S.W.2d 226, 227 (Mo.App.1983); *State v. Harris*, 639 S.W.2d 122, 125 (Mo.App.1982).

■ Viewed in this light, the evidence is that the building in question was a combination residence-florist shop. The residence, a two-story, three bedroom home, was built first, and the florist shop, constructed of concrete blocks, was later attached to the residence. The Gripkas and their two children lived in the home. The completed structure had a common basement and a common utility meter. When asked if he considered the combined unit as one building, Mr. Gripka said, "It's been constructed together, it's all one, yes, we consider it one building." Although the question called for a conclusion, and invaded the province of the trier of fact, there was no objection.

Usually, the Gripkas entered the front door of the florist shop and walked through the shop to an inner door, in order to enter their living quarters. After business hours, the inner door was secured by a safety chain, and the front door to the shop was locked. The residence had other doors leading to the outside, which were rarely used, and were kept locked from the inside. The Gripkas did not have keys that would open these doors from the outside.

On February 8, 1983, at about 12:45 A.M., Mr. Gripka was awakened by the ringing of the bell on the front door of the florist shop—the bell only rang when the door was being opened. He called the Monett police, who arrived at the scene within three minutes, and commenced their investigation. The front door had been broken open, and fresh pry marks were on the door and doorjamb. The back door to the florist shop was also open.

About this time, Mr. and Mrs. Gripka were looking out a window of the house and saw a person resembling Walker running away from the scene. The suspect was headed off by a police car coming toward him with its lights on. The fleeing person reversed his field, ran back to the scene of the crime, and entered the greenhouse. Police officers and the Gripkas got a good look at the fleeing suspect during this part of the chase, and identified him as Walker. During a search of the greenhouse, Walker was found hiding under old tomato plant cages. During a body search of Walker, the police found a small nail, or pry, bar hidden under his clothing. The bar matched the fresh pry marks on the florist shop door. Bank deposit bags which had been on a desk in the florist shop were found on the floor near the front door.

The facts and circumstances in this case are consistent with each other and with a finding of guilt, and are inconsistent with any reasonable theory of Walker's innocence, thus satisfying the review standard in a circumstantial case. *State v. Prier*, 634 S.W.2d 197, 199 (Mo. banc 1982).

 Walker's somewhat specious argument that since the inner door between the Gripkas living quarters and the florist shop area was secured by a safety chain at night, the first degree burglary statute was inapplicable, has no basis in law. The new criminal code, of which § 569.160.1(3) is a part, abolished the artificial distinction between dwelling houses and other types of buildings that case law before the code had made in determining whether the type of building involved met the requirements necessary to prove first degree burglary. Proof that *any* burgled building contained people who were not participants in the ongoing felonious break-in meets the statutory requirement to prove first degree burglary. The living quarters and flower shop were integral parts of the same structure. The Gripkas were physically present in the structure at the time of the incident in question, and there was a felonious burglary of the structure for the purpose of stealing. The point has no merit.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.