STATE of Missouri,
Plaintiff-Respondent,

v.

Lorenzo BARNES, Defendant-Appellant.

No. 51534.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 21, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 2, 1987.

Application to Transfer Denied
Oct. 13, 1987.

---

**3.** This notice would be provided by the plaintiff's brother on the night of March 21.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Donna Richards-Crosswhite, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was found guilty by a jury of selling cocaine and possessing heroin and cocaine. He was found by the court to be a prior offender and sentenced to concurrent terms of 15, 10, and 10 years' imprisonment. He appeals; we affirm.

On October 9, 1985, detectives Aaranian Snow and Clyde Bailey obtained a warrant to search a residence at 4247 West Aldine. Before executing the search warrant, the detectives went to the front door of the residence to purchase drugs. The door was open, but the bars on the door were closed. Snow reached inside the bars, knocked, and told defendant that he wanted a "girl," a slang phrase for cocaine. Defendant gave Snow a foil packet in exchange for ten dollars. A criminologist later determined that the foil packet contained cocaine.

About an hour and thirty minutes later, nine police officers, including Snow and Bailey, arrived at the residence. Officers stationed themselves at the front and back doors, knocked at the front door, and announced that they had a search warrant. When there was no response, the officers forced open both doors using a saw to cut the bars at the front door. Snow entered through the rear door and detective Andre Hill entered through the front door. Both testified that they saw defendant running out of the kitchen carrying a clear plastic bag. Officers followed defendant into a bedroom where he tripped over a bed and dropped the bag on the floor. Snow seized the bag, and officers arrested defendant. Contents of the bag included six capsules containing a tan powder and fifteen foil packets containing a white powder. A criminologist identified the tan powder as heroin and the white powder as cocaine.

Defendant argues that the state did not make a submissible case against him. When the sufficiency of the evidence to take the case to the jury is challenged, our review is limited to determining whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged. *State v. Stanback*, 719 S.W.2d 896,897 (Mo.App.1986). In determining whether there was sufficient evidence, we accept as true all evidence tending to prove defendant guilty together with all reasonable inferences which support the verdict. *State v. Dunavant*, 674 S.W.2d 685,687 (Mo.App.1984). We ignore all contrary evidence and inferences. *State v. Morris*, 654 S.W.2d 186, 188 (Mo.App.1983).

Testimony from officers Snow and Bailey and from the criminologist made a submissible case on the sale of cocaine. Evidence from officers Snow and Hill that defendant had in his possession a bag containing capsules and foil packets and testimony from the criminologist that the capsules and packets contained heroin and cocaine made a submissible case on possession of those substances.

In his sole point on appeal, defendant alleges:

The trial court committed reversible error by refusing [defendant's] motion for a directed verdict at the close of all the evidence because the state failed to make a submissible case inasmuch as the testimony of the state's key witnesses lacked probative value: the state's key witnesses [Snow, Bailey and Hill] testified that [defendant] was the only person

present during the search of the residence while the state's rebuttal witness testified that [defendant's] sister was arrested inside the residence. Where inconsistencies or contradictions in testimony are so rampant as to preclude reliance thereon, then such testimony has no probative value.

Defendant's point is without merit. We do not find the testimony of the rebuttal witness to be contradictory to that of the state's other witnesses. Officers Snow, Bailey, and Hill testified there was no one in the residence other than defendant and the other police officers when they went in. The rebuttal witness, another police officer, was called to the house after execution of the warrant and defendant's sister was at the residence at that time. This is not inconsistent testimony.

The state's case on possession was not a constructive possession case as defendant contends, but was based on defendant's sole possession, observed by at least two witnesses, of the plastic bag containing drugs.

Judgment affirmed.

SMITH, P.J., and DOWD, J., concur.