STATE of Missouri,
Plaintiff-Respondent,

v.

Howard Eugene BLOUNT,
Defendant-Appellant.

No. 52480.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 11, 1987.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for defendant-appellant.

Edward W. Sweeney, Asst. Cir. Atty., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant was found guilty by the court of property damage in the third degree, § 569.120, RSMo 1978, and was fined $500 and sentenced to 90 days in a medium security institution. Execution of the 90-day sentence was suspended and defendant was placed on unsupervised probation for two years. He appeals; we affirm.

Because defendant challenges the sufficiency of the evidence to find him guilty of aiding his co-defendant, we recite the pertinent facts that are most favorable to the state. At about 1:30 a.m., November 23, 1985, William Ball and Norma Patterson were in their home on Lafayette Avenue in St. Louis when they heard a loud noise. Patterson went to a front window and observed two persons on a motorcycle go past the house. Shortly thereafter, they heard a motorcycle again and the sound of glass breaking. From the front window they observed a person wearing a blue stocking cap standing on the front bumper or kneeling on the hood of Ball's pickup truck which was parked in a well-lighted area at the curb on Lafayette in front of the Ball-Patterson residence. The person held what appeared to be a stone over his head, and he threw it against the windshield of the truck shattering the glass. A second person, wearing a motorcycle helmet, was in the street beside the pickup truck. Ball could see the upper half of him across the hood of the truck. Patterson said the second person was straddling a motorcycle. She could see the front of the motorcycle,

"a little bit of a handlebar or the light." Ball could not see what the second person was doing; Patterson said the second person was doing "nothing."

Ball and Patterson ran to the front door; Ball continued outside to the front of the house. Ball saw the same two persons on the motorcycle make a U-turn at the end of the block and head back in his direction. As they passed, they yelled at Ball. Ball recognized the driver, wearing the motorcycle helmet, as defendant, and the passenger, wearing a blue stocking cap, as defendant's brother Jim Blount. Both were Ball's former step-sons; he said he had known each of them about four years. Ball said he was about 20 feet from them as they passed and that he recognized them "by their voices, by their size...." Ball said they were the same persons he had observed moments earlier. They traveled east on Lafayette toward Grand Boulevard.

Ball and Patterson pursued them in Patterson's automobile and located them a few blocks away on Grand Boulevard where they were pushing an apparently disabled motorcycle. Ball and Patterson recognized them as the same persons who had damaged the truck and driven the motorcycle past their home earlier. While Ball pursued the pair on foot and became involved in an altercation with them, Patterson went to contact police.

Defendant and his brother, who lived in Fenton in southwest St. Louis County, denied they were the ones who broke the windshield; however, both admitted a bitter relationship with Ball because of the way they said he had treated their mother.

In his sole point on appeal, defendant challenges the sufficiency of the evidence. He contends "[t]he state offered no evidence tending to connect [defendant] with the commission of the crime charged or tending to prove that [defendant] at any time acted with the purpose to promote the commission of the crime charged...." Defendant argues he was found guilty "on the basis of his conduct *after* the offense from which the court inferred both his mental state and his conduct prior to the offense."

When a criminal defendant waives trial by jury, the findings of the court have the force and effect of a jury verdict. Appellate review of the trial court's findings is in the same manner as a review of a jury verdict. Rule 27.01(b); *State v. Williams*, 602 S.W.2d 487 (Mo.App.1980). Thus, we will affirm the finding if it is supported by substantial evidence. In determining whether there was substantial evidence, we accept as true all evidence and all inferences drawn therefrom which are favorable to the decision; we disregard all evidence and inferences to the contrary. *State v. Ruff*, 618 S.W.2d 722, 723 (Mo.App.1981).

Section 562.041, RSMo 1986, imposes criminal liability on a person who, before or during the commission of a crime, with the purpose of promoting the commission of the offense, aids another in committing the crime. One who aids the commission of a crime is guilty of that offense, and proof of any form of participation by a defendant in the crime is sufficient to support a conviction. *State v. Gannaway*, 649 S.W.2d 235, 239 (Mo.App.1983). A defendant's presence, companionship, and conduct before and after the offense, including flight, are circumstances from which his purpose or intent maybe inferred. *State v. Millican*, 641 S.W.2d 144, 145 (Mo.App.1982). Aider participation can be proven by evidence that a defendant assisted the perpetrators of the crime by driving the vehicle in which they escaped. *State v. Briscoe*, 646 S.W.2d 424, 428 (Mo.App.1983).

In this case, there was evidence that, at 1:30 in the morning, two persons on a motorcycle drove by the victim's house. The victim's pickup truck was parked on the street in front of the house. Shortly thereafter, two men were seen near the vehicle, one was throwing a rock at the windshield and the other, later identified as defendant, was adjacent to the truck. Later it was discovered that the windshield had been shattered. After the damage occurred, the two men departed on the motorcycle, with defendant driving. Moreover, there was evidence from which the fact finder could reasonably infer that the two brothers, who lived several miles from the

 

scene of the crime, drove to the victim's house with a purpose to damage his property because of their admitted dislike for him. There was sufficient evidence to overcome a motion for judgment of acquittal.

Judgment affirmed.

SMITH, P.J., and DOWD, J., concur.