**118**

STATE of Missouri,
Plaintiff–Respondent,

v.

Timothy Lewis PRUITT,
Defendant–Appellant.

No. 52756.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 15, 1987.

Holly G. Simons, St. Louis, for defendant-appellant.

Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from his conviction of unlawful possession of a concealable firearm. § 571.070, RSMo 1986. He was found to be a persistent offender and was sentenced by the court to a term of seven years' imprisonment. We affirm.

In defendant's sole point on appeal, he contends the evidence does not support the conviction because there was insufficient evidence that he had possession of a concealable firearm.

When the sufficiency of the evidence to submit the case to the jury is challenged, our review is limited to determining whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged. In determining whether there was sufficient evidence, we accept as true all evidence tending to prove defendant guilty together with all reasonable inferences which support the verdict. We ignore all contrary evidence and inferences. *State v. Barnes*, 736 S.W. 2d 471, 472 (Mo.App.1987).

Section 571.070 provides:

A person commits the crime of unlawful possession of a concealable firearm if he has any concealable firearm in his possession and:

(1) he has pled guilty to or has been convicted of a dangerous felony, as defined in Section 556.061, RSMo ...

Defendant does not dispute the fact that he had been convicted previously of a dangerous felony and that the weapon found by officers was a concealable firearm.

■ The state's evidence tending to prove defendant possessed the weapon follows. At approximately 1:50 p.m. on May 16, 1986, Detective Mierzejewski and Detective Bonney of the City of St. Louis Police Department, were requested by Sergeant Mokwa to proceed to 4200 Warne, the reported residence of Frederick Milton, a burglary suspect.

As the officers approached the residence, which was on the corner of Warne and Penrose, they observed four men in the

rear yard. The officers turned down Penrose and stopped next to the rear yard. Sergeant Mokwa pulled his car in behind them. The men left the yard by a gate and began walking east on Penrose. As the officers got out of their cars and approached the men, defendant suddenly broke from the group and proceeded to walk between the two parked, unmarked police cars.

Detective Mierzejewski and Sergeant Mokwa testified that defendant reached under his jacket with his right hand and dropped an object to the ground. Sergeant Mokwa said it was a shiny object. The detective retrieved the object from under the front bumper of the sergeant's car. It was a .25 automatic pistol, silver in color, loaded with three live rounds.

Defendant cites no cases which support his contention that the above evidence, although circumstantial, would not support a conviction on the issue of possession. In fact, he states in his brief, "Appellant is aware that convictions for possessory crimes have been upheld when the defendant has dropped the substance he is charged with possessing." ' Nevertheless, he argues that he could have dropped something else the police did not look for and that the gun could have already been there.

When a case is based on circumstantial evidence, the circumstances and the facts must be consistent with each other and with the hypothesis of guilt, be inconsistent with the hypothesis of innocence, and point so clearly to guilt to exclude every *reasonable* hypothesis of innocence. Circumstances need not demonstrate the impossibility of innocence. *State v. Jerelds*, 637 S.W.2d 80, 81 (Mo.App.1982) (emphasis ours).

The facts and evidence in this case, based on the principles stated above, support the conviction.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.