STATE of Missouri,
Plaintiff–Respondent,

v.

Joseph ROUSAN, Defendant–Appellant.

No. 53570.

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 25, 1988.

Application to Transfer Denied
July 26, 1988.

Dave Hemingway, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted by a jury of stealing property valued at $150.00 or more, a felony, § 570.030.3(1), RSMo 1986, and third-degree assault, a misdemeanor, § 565.070.1(1), RSMo 1986. He was sentenced by the court on the stealing count as a persistent offender to 10 years' imprisonment and, following the recommendation of the jury, on the assault count to a concurrent six-month prison term and a $500.00 fine. He appeals; we affirm.[1]

█ In his principal point, defendant challenges the sufficiency of the evidence to support submission of the stealing count; therefore, in determining whether there was sufficient evidence, we accept as true all evidence tending to prove defendant guilty together with all reasonable inferences which support the verdict. We ignore all contrary evidence and inferences. *State v. Barnes*, 736 S.W.2d 471, 472 (Mo. App.1987).

The evidence indicates early in the evening on July 10, 1986, defendant and his wife picked up Rocky and Linda Otts in defendant's car and drove to the Dillard's department store in the South County Shopping Center. Defendant parked his car across from the south entrance to Dillard's, in the parking spot nearest to the door. Both couples entered the store. At about 6:30 p.m. Gregory Thomas, a Dillard's sales clerk was working in the men's merchandise area of the store, which is adjacent to the south entrance. He saw defendant, his wife, and the Otts couple examining men's Polo shirts the store sold. At least one of the women in the group was seen handling shirts. Thomas offered to assist them, but they all refused. Thereafter, Thomas saw the couples walking together toward the south entrance, and he noticed something bright-colored protruding from one of the women's purses. He went to the security office, located nearby, and told the police officers present he suspected the two couples he had seen handling the Polo shirts were shoplifting.

South County Police Officer Phillip Andrew was working as a security officer for the store that evening, and Officers Bradley Vogel and Perry Williams were also present in the security office. The officers were all wearing their police uniforms. Upon hearing Thomas's report, the officers went to investigate. Thomas pointed-out the couples to the officers.

The two couples were about to exit the store, so one of the officers called out for them to stop, that the officers wished to speak with them. All four persons looked at the officers and ran from the store. They ran to defendant's car and got in. Defendant was in the driver's seat, and he started the car. The officers pursued them, yelling for them to stop. Williams ran to the rear of the car, putting his hand on the trunk and yelling "Stop, the police!" One of the males in the car said, "Let's get the f__ out of here!" Looking over his shoulder at Williams, defendant accelerated the car backwards out of the parking space, squealing the tires. Williams jumped out of the way, yelled at them to stop, and pursued them on foot as the car sped away forward. He commandeered a postal vehicle and followed defendant's car. As defendant sped through the parking lot,

---

**1.** Although defendant appeals from both convictions, in his brief he raises points challenging    only the stealing conviction.

one or more of the persons in the car threw three shirts out of the window.

Meanwhile, Andrew, in a marked police car, and Vogel, on foot, moved to block defendant's escape route. Defendant stopped in front of Andrew's car, and the postal vehicle was pulled in behind him. All four persons in the car were arrested. In the car were found three Polo shirts under the driver's seat, one Polo shirt under a towel in the back seat, and the two purses carried by the women. Three other Polo shirts were found on the parking lot. No receipt for the shirts was found, and all the shirts had price tags on them. Of the seven shirts, one was size extra-large, four were large, one was medium, and one small. The parties stipulated the value of the shirts exceeded $150.00.

When the sufficiency of the evidence is challenged, our review is limited to determining whether there was sufficient evidence from which reasonable persons could have found defendant guilty. *Barnes*, 736 S.W.2d at 472. A defendant's guilt may be established entirely by circumstantial evidence. *State v. McKinney*, 630 S.W.2d 96, 98 (Mo.App.1981). In a circumstantial evidence case the circumstances and the facts must be consistent with each other, be inconsistent with the hypothesis of innocence, and point so clearly to guilt to exclude every reasonable hypothesis of innocence. Circumstances need not demonstrate the impossibility of innocence, and the mere existence of other possible hypotheses is not enough to remove the case from the jury. *State v. Simmons*, 724 S.W.2d 728, 729–30 (Mo.App.1987).

Defendant was charged with acting with others in stealing the shirts. Proof of any active participation by a defendant in the crime is sufficient to support a conviction. *State v. Blount*, 734 S.W.2d 309, 310 (Mo.App.1987). A defendant's presence, opportunity, companionship, conduct, and flight are circumstances from which his purpose or intent may be inferred. *Blount*, 734 S.W.2d at 310. The unexplained joint possession of stolen property further raises an inference of guilt in the stealing. *State v. Dodson*, 641 S.W.2d

115, 117–18 (Mo.App.1982); *State v. McClinton*, 566 S.W.2d 506, 508 (Mo.App. 1978).

Applying the above principles, we conclude the state made a submissible case of stealing. Otts, who had nine previous convictions, testified he alone stole the property and defendant had no knowledge of the theft. This testimony did not affect the submissibility of the stealing count, but raised an issue of credibility for the jury.

We also have examined defendant's complaint that the verdict director for the stealing count was not supported by the evidence and find it without merit.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.