STATE of Missouri,
Plaintiff–Respondent,

v.

Stacy SHELTON, Defendant–Appellant.

No. 55158.

Missouri Court of Appeals,
Eastern District,
Division One.

May 2, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 31, 1989.

Leonard R. Cleavelin, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

A jury convicted defendant of attempt to commit burglary in the second degree (§ 564.011, RSMo 1986) and resisting arrest (§ 575.150, RSMo 1986). The court found him to be a persistent offender and sentenced him to two concurrent five year prison terms. He appeals; we affirm.

Defendant primarily challenges the sufficiency of the evidence to support his conviction for attempted second degree burglary; therefore our review is limited to determining whether there was sufficient evidence from which reasonable persons could have found defendant guilty. *State v. Barnes*, 736 S.W.2d 471, 472 (Mo.App. 1987). We accept as true all evidence tending to prove defendant guilty together with all reasonable inferences which support the verdict. We ignore all contrary evidence and inferences. *Id.*

The evidence indicates that on the night of November 18, 1987, at approximately 11:30 p.m., a security guard at the Currency Exchange heard movement and a bumping noise coming from a business located in the same building, the Star Men's Shop. The sound continued for ten minutes, so the guard instructed a teller to call the police. The guard went outside to investigate, went back inside to make sure the police had been called, and returned outside. A police detective pulled up and witnessed defendant and another individual "pulling on the molding around a window" of the men's shop. Inside the window were various items of men's clothing, which according to the detective's testimony, were accessible "once you get in." Sensing the detective's presence, defendant dropped a piece of the molding. The detective apprehended the other individual who had been kicking the window. Defendant fled

and was pursued by another police office who arrived at the same time as the detective. The officer chased defendant approximately 250 yards and tackled him. Defendant twice kicked the officer in the shoulder before being subdued. When the officer returned to the store with defendant in custody, the detective recognized defendant as a man he had known for approximately three years. Pieces of molding were found on the ground near the men's shop window. Defendant was wearing black clothes.

■ We note that a defendant's presence, opportunity, companionship, conduct, and flight are circumstances from which his purpose to commit a crime can be inferred. *State v. Rousan,* 752 S.W.2d 388, 390 (Mo.App.1988). We believe the evidence in this case was sufficient to support defendant's conviction. *See, e.g. State v. Smith,* 686 S.W.2d 43, 46–7 (Mo.App.1985), *State v. Berryhill,* 673 S.W.2d 444, 445 (Mo.App.1982).

■ Defendant's other point is that the trial court erred in refusing an instruction on attempted first degree trespass. The point has not been preserved for appellate review as defendant's motion for new trial recites no facts warranting the instruction. *State v. Jenkins,* 741 S.W.2d 767, 769 (Mo. App.1987). In any event, under the evidence presented at trial, defendant was not entitled to the instruction. The state's case was strong, and there was no evidence indicating an intent other than to commit burglary.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.