**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Michael VINEYARD, Defendant–
Appellant.**

**Michael VINEYARD, Movant,**

v.

**STATE of· Missouri, Respondent.**

Nos. 59512, 60953.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 15, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 26, 1992.

Application to Transfer Denied
Nov. 24, 1992.

J. Gregory Mermelstein, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Defendant, Michael Vineyard, was convicted by a jury of burglary in the second degree, § 569.170, RSMo 1986, and two counts of felony stealing, § 570.030, RSMo 1986, in the Circuit Court of St. Louis County. He was sentenced as a persistent and prior offender to three fifteen year terms concurrently. We have consolidated this appeal, pursuant to Rule 29.15(*l*). On appeal defendant claims that the trial court erred: (1) because the lesser included offenses of trespass in the first degree and misdemeanor stealing were not included in the jury instructions; (2) in allowing the state to charge the defendant with two counts of stealing when his actions constituted a single offense; (3) in failing to require that the state prove all elements of the crime beyond a reasonable doubt; (4) in failing to enforce *sua sponte* a pretrial stipulation that the state had not taken any evidence from the defendant; (5) in not declaring a mistrial in light of the prosecutor's comments in her closing argument; (6) in failing to exclude testimony as to the

ownership of a jacket based on hearsay; (7) and in dismissing defendant's Rule 29.15 motion for post-conviction relief as filed out of time. We affirm in part, reverse in part and remand for resentencing in accordance with this opinion.

The evidence at trial indicated that after Lucille's Country Dinner House (Lucille's) closed for the evening on April 12, 1989, defendant entered the restaurant through a broken basement window. Defendant was found the next morning still in the restaurant when the chef, Colin McGillan, entered the premises. Defendant was asleep in the restaurant bar with no clothes on except for his socks which covered his hands. After conferring with the restaurant manager, the chef called the police.

When the police arrived at Lucille's, they observed that a basement window had been broken out. In the basement, defendant's clothes were scattered about the floor around a washing machine. The clothes were damp. The police walked up the stairs and noticed defendant's wallet on the stairs leading into the restaurant kitchen. The police entered the bar area where defendant was still sound asleep on the floor and yelled at him to wake up. In the barroom the investigators observed that the cash drawer from the register had been torn free and placed on a table near the defendant. Three hundred dollars contained in the drawer on the previous night was scattered on the table and floor. The police recovered two hundred ninety three dollars from the barroom. A cigarette machine owned by B.F.C. Enterprises (BFC) located in the bar area was broken open with a pick axe, and 490 packs of cigarettes were removed and placed in several paper bags. The cigarettes were priced at $1.75 per pack. All of the cigarettes were recovered in the restaurant. There were a few smoked cigarettes with their filters broken off near where defendant had been, and four empty bottles of beer. There were also two dirty sets of plates located at a table in the bar area.

Until two weeks prior to the break-in, defendant had been employed as a dishwasher/busboy at Lucille's for a period of two years. Defendant resided in the restaurant while he worked as a dishwasher. He was familiar with the security system at Lucille's and knew how to deactivate it.

For his first point on appeal defendant contends that it was error not to include instructions on misdemeanor stealing and trespass in the first degree in the jury instructions. Misdemeanor stealing and trespass in the first degree are lesser included offenses to felony stealing and burglary. *State v. Green*, 812 S.W.2d 779, 787 (Mo.App.1991). The trial court is required to give lesser included instructions when there is a reasonable basis in fact for finding the accused guilty of the lesser offense while innocent of the higher offense. *See* § 556.046.2, RSMo 1986; *State v. Olson*, 636 S.W.2d 318, 322 (Mo. banc 1982).

Defendant argues that trespass in the first degree should have been included in the instructions because "it was not conclusively shown [that defendant] had the intent to commit a crime when he entered the restaurant." The circumstances surrounding the accused at the time of apprehension can be used to infer the intent to commit a crime. *State v. Rousan*, 752 S.W.2d 388, 390 (Mo.App.1988). When the state has shown the intent to commit a crime and the defendant's purpose in the building is clear, a lesser included instruction on trespass need not be given. *State v. Green*, 812 S.W.2d at 788; *State v. Shelton*, 770 S.W.2d 716, 717 (Mo.App.1989); *State v. Portwood*, 694 S.W.2d 831, 832 (Mo.App.1985).

Defendant was found sleeping inside Lucille's with money and cigarettes scattered around him. A basement window was broken and identified at trial as the point of entry. The evidence strongly indicates that defendant was on the premises to steal. Defendant argues that it was possible that some unknown individuals broke into the building while defendant slept, began stealing property and then fled. Because this theory amounts to nothing more than conjecture, no reasonable basis exists for finding the defendant guilty of the lesser offense while innocent of the greater offense. As such the in-

struction on trespass in the first degree was properly refused. *State v. Portwood*, 694 S.W.2d at 832.

Defendant also contends that an instruction for misdemeanor stealing should have been given as a lesser included offense to felony stealing. Misdemeanor stealing is a lesser included offense to felony stealing. *State v. Green*, 812 S.W.2d at 787. Defendant's objection is meritless in that all of the evidence adduced at trial indicated that three hundred dollars was taken out of the cash register and 490 packs of cigarettes were stolen with a value of $1.75 per pack. A person charged with stealing an item or items of property with an aggregate value of more than $150.00 is guilty of a class C felony; whereas, the theft of an item or items of lesser value is a misdemeanor. *See* § 570.-030.3(1), RSMo 1986. Because all of the evidence adduced at trial indicated that the items had a value greater than $150.00, the request for misdemeanor stealing had no basis and its inclusion in the jury instructions was properly refused. *State v. Reilly*, 674 S.W.2d 530 (Mo. banc 1984). Point denied.

On his second point on appeal defendant states that the trial court erred in charging him in violation of the "single larceny rule." The rule is a common law doctrine related to the Fifth Amendment to the Federal Constitution which prohibits not only two trials for the same offense, but also forbids multiple punishments for the same crime. *See Hagen v. State*, 836 S.W.2d 459, 462 (Mo. banc 1992). The "single larceny rule" states:

> The stealing of several articles of property, at the same time and place, undoubtedly constitutes but one offense against the laws, and the circumstance of several ownerships cannot increase or mitigate the nature of the offense.

*Id.* at 462, *quoting Lorton v. State*, 7 Mo. 55, 57 (Mo.1841) (Lorton stole the property of two men sharing the same hotel room). *See also State v. Cody*, 525 S.W.2d 333 (Mo. banc 1975). The rule has its modern statutory codification in section 575.050 of the Missouri Revised Statutes.

Amounts stolen pursuant to one scheme or course of conduct whether from the same or several owners and whether at the same or different times, constitute a single criminal episode and may be aggregated in determining the grade of an offense.

§ 570.050, RSMo 1986.

In the instant case, defendant was charged with stealing cigarettes which were the property of B.F.C. Enterprises and three hundred dollars that belonged to Lucille's. Both acts of stealing occurred on the same night and in the same room. Defendant was charged and convicted for two counts of stealing. Count II charged defendant with stealing three hundred dollars in cash and count III charged him with stealing 490 packs of cigarettes valued at $1.75 per pack. Because defendant's actions in the restaurant constitute a "single criminal episode" he should have been charged with one count of stealing irrespective of the multiplicity of ownership of the property. *See e.g. Cody*, 525 S.W.2d at 334–36. Therefore, we reverse the trial court on this point and remand for resentencing consistent with this opinion.

For his third point on appeal defendant argues that the trial court erred in not granting defendant's motion for acquittal at the close of the evidence and accepting the jury's guilty verdict for felony stealing and burglary. In support of his point defendant contends that the state did not prove that defendant's intent to steal existed at the time he forcibly entered the restaurant.

The role of this court is not to weigh the evidence, but instead to determine whether enough evidence was produced at trial that a reasonable person could conclude that the accused was guilty. *State v. Vitale*, 801 S.W.2d 451, 456 (Mo. App.1990); *State v. Dusso*, 760 S.W.2d 546, 547 (Mo.App.1988). To determine the sufficiency of the evidence, the court accepts as true all evidence which tends to support the verdict, together with all reasonable inferences drawn therefrom and disregards adverse evidence and inferences. *State v.*

*Livingston,* 801 S.W.2d 344, 345 (Mo. banc 1990). Simply stated, the role of the court is to determine whether there was substantial evidence to support the verdict. *Id.*

In the instant case, there was evidence that defendant forcibly entered the manager's office in the basement of Lucille's through a window. Defendant was found sleeping in close proximity to the money and cigarettes. Defendant was the only person found in the bar. The security system had been deactivated, and defendant had socks over his hands—arguably to conceal his fingerprints. Clearly, there is substantial evidence from which a jury could convict defendant of stealing and burglary.

Defendant argues that since the money and cigarettes were moved only a short distance and remained on the premises, the crime of stealing had not been completed—insofar as defendant lacked the intent to permanently deprive the owners of the use of their property. The elements of stealing are the appropriation of the property or services of another with the purpose to deprive the other permanently of their use either by deceit or coercion or without the owners consent. *See* § 570.-030.1, RSMo 1986; *State v. Reed,* 815 S.W.2d 474, 476 (Mo.App.1991). The fact that defendant had control over the property for an instant and moved it only a short distance is sufficient to complete the crime of stealing. *State v. West,* 629 S.W.2d 429, 433 (Mo.App.1981); *State v. Williams,* 597 S.W.2d 722, 723 (Mo.App.1980). Defendant's conduct—inconsistent with the ownership rights of BFC and Lucille's—constitutes an act from which the intent to steal could be inferred. Point denied.

For his fourth point on appeal defendant argues that the trial court erred in allowing foundation testimony that defendant had socks on his hands when he was arrested because it violated a pretrial stipulation that the state had not taken any evidence from defendant. Defendant also objects to the introduction of the socks which covered his hands into evidence. Defendant failed to object to the introduction of the socks at trial. Defendant has also failed to provide a transcript of the hearing in which the alleged stipulation was made. As such, a record on which an appeal can be based has not been provided. Appellant has the burden of producing all records on appeal necessary for the determination of the questions presented. *State v. Sumowski,* 794 S.W.2d 643, 646 (Mo. banc 1990). Because of the complete lack of a transcript, our review is limited to the testimony adduced at trial.

Defendant failed to object to either the introduction of the socks at trial or the testimony which built the foundation for the admission of the socks. This further limits our review to the plain error standard. In order to succeed on a plain error standard, it must be shown that the error affects substantial rights and manifest injustice will result if relief is not given. *See* Rules 29.12(b) and 30.20; *State v. Wood,* 719 S.W.2d 756, 759–60 (Mo. banc 1986). The introduction of the socks into evidence was inconsequential in light of the overwhelming evidence introduced against defendant. Further, the testimony that defendant had socks on his hands when he was found otherwise naked and asleep by the restaurant bar was based on first hand observation. The error, if any, was therefore inconsequential. Point denied.

On his fifth and sixth points defendant urges that the trial court erred in failing to declare a mistrial *sua sponte* because of remarks made by the prosecutor. Granting a mistrial is a drastic remedy, and should be declared only where there is grievous error that cannot otherwise be remedied. *State v. Leisure,* 810 S.W.2d 560, 571 (Mo.App.1991). The remarks at issue were made during the prosecutor's closing argument. The first remark concerns the reference by the prosecutor to the burden of proof in a criminal case.

> Prosecutor: You are to consider the instructions on whether or not the defendant proved to you the elements laid out and the information in each of those instructions.

Mr. Hartig [defense counsel]: Your Honor, I object. She's putting the burden on us.

Prosecutor: I apologize if I said the defense. The state has the burden. You are to determine whether the defendant is guilty or innocent based on what he proves to you and that's in those jury instructions....

Defense counsel objected to the prosecutor's first remark, the court failed to rule and the prosecutor essentially reiterated. Defendant contends that the court should have intervened *sua sponte* and declared a mistrial. Because the trial court is in a better position to judge the prejudicial effects of any error, the declaration of a mistrial rests in its discretion. *State v. Shelton*, 779 S.W.2d 614, 616 (Mo.App. 1989). In order for the failure to declare a mistrial to be reversible error, we view the entire record and must conclude, in light of all of the evidence, that the single erroneous statement in the closing argument had a decisive influence on the jury. Defense counsel, through exhaustive commentary during *voir dire*, made it clear that the burden was on the state. The prosecutor mentioned on three separate occasions during her closing argument that the state had the burden of proving the elements beyond a reasonable doubt. In addition, defense counsel stressed during closing that the state had the burden of proof. Finally, the jury instructions contained the burden of proof. In light of all of the information available to the jury on the proper burden of proof, it cannot be said that the prosecutor's remark rose to the level of plain error.

▇▇▇ Defendant also contends that the prosecutor's remarks concerning defendant's failure to produce any evidence constituted an impermissible reference to the defendant's failure to testify. Again, defense counsel failed to object to these remarks at trial and we review them for manifest injustice under a plain error standard. The prosecutor remarked several times during her closing argument about the fact that defense did not call any witnesses. The portion of the testimony reads as follows:

Remember I told you that the evidence that you were to consider is what came from the witness stand. There was no evidence, no one got on that witness stand and said that Michael Vineyard went in there and washed his clothes. The evidence was that the clothes were found in the laundry room. The only person who says that the defendant went in there to wash his clothes and take a nap is defense counse[l] [sic]. No one testified that the clothes were in the dryer. They testified that the clothes were on the floor. Ladies and gentlemen, no one else testified that there was anyone else in that restaurant.... There was no testimony whatsoever that there was anybody else in that restaurant at the time that Michael was done washing his clothes as the defense attorney says. Did anybody testify to that, ladies and gentlemen?

The prosecutor specifically referred to defendant's failure to produce any testimonial evidence. Defendant suggests that this is a reference to the defendant's failure to testify and constitutes plain error. A prosecutor is forbidden to refer to the defendant's failure to testify in a criminal case. *State v. Sidebottom* 753 S.W.2d 915, 920 (Mo. banc 1988). However, this does not prevent commentary on defendant's failure to produce any evidence—including testimonial evidence. *Id.* Direct references to the defendant's failure to testify (e.g. "Why didn't defendant testify, does he have something to hide?") are reversible error. *Id.* However, indirect references to defendant's failure to testify (e.g. "No one testified here today for the defense.") only constitute error if they were part of a calculated intent by the prosecutor to call attention to the fact that the defendant did not testify. *State v. Lawhorn*, 762 S.W.2d 820, 826–27 (Mo. banc 1988).

▇▇▇ The prosecutor never commented directly that the defendant did not testify, but by stating that no one testified to various propositions she drew attention to the fact that the defense called no witnesses. While this is an indirect reference to defendant's *choice not to testify*, it was *directed generally at* defense's failure to produce

any evidence not at the specific fact that defendant did not testify. As such, the remarks do not constitute error. Points five and six are denied.

■ For his seventh point on appeal defendant objects to the testimony that a torn jacket found at Lucille's belonged to defendant. The testimony objected to on appeal was elicited by defendant's own counsel on his cross-examination of police officer Niere. The dialogue went as follows:

Q. [By defense counsel]: This jacket was found somewhere in the restaurant?

A. Yes, sir, it was.

Q. You don't know whose jacket it was, do you?

A. I was told it was Mr. Vineyard's.

Q. Who told you that.

A. Toni Meyer (phonetically).

Q. But you don't know if she knows what kind of jacket he wears or if he has a jacket?

A. She told me it was his jacket.

Defendant's own counsel made no effort to have the jury disregard the testimony. Our review is limited to plain error consideration. *See State v. Boliek*, 706 S.W.2d 847, 849 (Mo. banc 1986). The testimony elicited by defense counsel was clearly intended to impeach Officer Niere because it explored his lack of firsthand knowledge that the jacket belonged to defendant. Defendant's counsel waived any objection he would have for tactical purposes. *See State v. Collins*, 587 S.W.2d 303, 306 (Mo. App.1979). The matter is not plain error. Point denied.

■ Defendant's final point on appeal concerns the filing of his Rule 29.15 motion for post-conviction relief out of time. On April 2, 1991, defendant filed his transcript for this appeal, and on May 3, 1991, he filed his *pro se* motion for relief under Rule 29.15(b). The rule states:

If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04.... Failure to file a motion within

the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15.

Supreme Court Rule 29.15(b). Defendant's motion was filed out of time. The Missouri Supreme Court has indicated that the 30 day time limitation is mandatory. *Smith v. State*, 798 S.W.2d 152, 153 (Mo. banc) *cert. denied*, —— U.S. ——, 111 S.Ct. 2043, 114 L.Ed.2d 127 (1990); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc), *cert. denied sub nom.*, *Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Because of the mandatory nature of the rule, defendant's argument that he filed late because of the negligence of the postal service lacks merit. The Missouri Supreme Court has repeatedly made clear that the "Court's rules for post conviction relief make no allowances for excuse." *Smith v. State*, 798 S.W.2d at 153; *White v. State*, 779 S.W.2d 571, 572 (Mo. banc 1989). Therefore, defendant's excuse cannot be accepted.

Defendant further argues that the time limits imposed in the rule are no longer mandatory in light of *Sanders v. State*. In *Sanders*, the court deviated from their course of strict enforcement of the time limits imposed by Rule 29.15. *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991). The court held that where late filing of an amended petition as required by Rule 29.-15(f) was due solely to the negligence of counsel, and the movant can demonstrate the failure as such, the trial court should treat the late motion as timely filed. *Id.* *Sanders* does not apply to the instant case because it dealt with attorney negligence under Rule 29.15(f). Here, defendant filed a *pro se* motion. Therefore, *Smith* controls our decision and defendant's late filing is grounds for dismissal. Point denied.

The judgment of the trial court is affirmed in part, reversed in part and remanded for resentencing in accordance with this opinion.

CRANDALL, P.J., and GRIMM, J., concur.