STATE of Missouri, Plaintiff/Respondent,

v.

Larry BRADSHAW, Defendant/Appellant.

Larry BRADSHAW, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 62590, 64500.

Missouri Court of Appeals,
Eastern District,
Division One.

June 21, 1994.

Cynthia R. Carle, Public Defender, Hillsboro, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant appeals his conviction by a jury for second degree burglary, § 569.170, RSMo 1986. The court sentenced him as a Class X offender to a prison term of ten years. Defendant also appeals the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing.[1] We affirm.

The record reveals that on June 19, 1991, at approximately 2 a.m., Jeffrey Dill, a Wells Fargo alarm technician, received a radio call regarding an activated silent alarm at Shapiro Sales, a warehouse surrounded by a six foot fence topped with barbed wire at 5040 North Second Street in St. Louis. When Dill arrived at Shapiro Sales, he observed a pile of loose copper wire on the dock outside the warehouse and a panel missing from an overhead door located on the dock. He testified that removal of the panel would activate the alarm. Dill called the police, and Officers Kroeck, Reynolds, and Leak of the St. Louis City Police Department were dispatched to the scene. While searching the building, the officers heard footsteps on the roof. They were unable to locate an entrance to the roof within the warehouse, and Officer Reynolds testified that the bricks were too unsteady to climb to the roof on the outside of the building. Thus, they called the fire department to assist them in gaining access to the roof. Meanwhile, the officers observed two men on the roof, and saw defendant run across the roof, jump, and fall through an overhang onto

---

1. Defendant does not address any points in his appeal to the denial of his Rule 29.15 motion. Therefore, that appeal is considered abandoned.

See *State v. Nelson,* 818 S.W.2d 285, 287 (Mo. App.1991).

the dock. The owner of the warehouse testified that a trapdoor on the second floor of the warehouse leads to the roof. He also testified that copper wire is never stored on the dock.

Defendant testified that he had been drinking throughout the day and drove to a hotel to meet a woman at 12:45 a.m. When she failed to arrive, defendant stated that he and a friend walked to Shapiro Sales and climbed the outside of the building in order to consume alcohol on the roof. The police searched the roof and found no liquor bottles.

■ In his principal point on appeal, defendant alleges the evidence at trial was insufficient to prove beyond a reasonable doubt that he had committed second degree burglary. When determining the sufficiency of the evidence for the purposes of sustaining a criminal conviction, we must accept as true all evidence and reasonable inferences which tend to prove the defendant's guilt and disregard all contrary evidence and inferences. *State v. Rush*, 862 S.W.2d 936, 939 (Mo.App. E.D.1993). "We look only to whether there was sufficient evidence from which reasonable persons could have found the defendant guilty as charged." *Id.* Cases depending entirely on circumstantial proof require no higher appellate standard. *State v. Grim*, 854 S.W.2d 403, 406 (Mo. banc 1993).

■ "A person commits the crime of burglary in the second degree when he knowingly enters unlawfully ... a building or inhabitable structure for the purpose of committing a crime therein." § 569.170, RSMo 1986. Purpose may be inferred from presence, opportunity, companionship, conduct, and other circumstances. *State v. Shelton*, 770 S.W.2d 716, 717 (Mo.App.1989).

■ The facts in the Southern District case of *State v. Walker*, 693 S.W.2d 237 (Mo.App.1985), are somewhat similar to the facts in the instant case. There, the court affirmed a conviction for first degree burglary where the police found a broken flower shop door and bank bags lying on the floor next to the door. The owners testified they saw defendant running away from the flower shop, and the police subsequently found him hiding in a greenhouse and concealing a pry

bar. The defendant was never seen inside the flower shop. The *Walker* court found the evidence sufficient to support a conviction for first degree burglary. Likewise, we find the evidence here sufficient to support a conviction for second degree burglary.

■ Defendant also argues that the state's inquiry concerning his parole status was an improper attempt to use evidence of his past crimes as proof of his guilt, and thus the trial court committed prejudicial error when it overruled defendant's objections to the questions. It is elementary that evidence of other crimes is generally inadmissible, except when used to prove motive, intent, absence of mistake, identity of the accused, or a common scheme or plan. *State v. Leisure*, 838 S.W.2d 49, 55 (Mo.App.E.D.1992). Additionally, § 491.050, RSMo 1986, provides that any prior criminal conviction may be proved to affect a defendant's credibility as a witness. Furthermore, Judge Dowd, speaking for our court in *State v. Jackson*, 676 S.W.2d 304, 305 (Mo.App.1984), said that § 491.050 "has been interpreted by Missouri courts to authorize the prosecutor to elicit the sentences resulting from prior convictions." *See also State v. Phelps*, 677 S.W.2d 418 (Mo. App.1984).

■ When a defendant unequivocally, clearly, and concisely testifies to all of his prior convictions, including the nature of the offenses, dates, places and resulting sentences, further examination by the state is generally foreclosed. However, in many of the cases reaching us on appeal, the defendant equivocates, tries to explain, or does not fully and accurately disclose his prior convictions. Often, the defendant makes efforts to show he is not guilty in the case at trial because he pled guilty to past crimes of which he was in fact guilty. Where these circumstances exist, the prosecutor may inquire further.

■ Here, although defendant testified that he had previously pled guilty to second degree burglary and two counts of cocaine possession, he made no comment about the sentences he received. Thus, he opened the door to further interrogation by the state,

including questions concerning his sentence and parole.

Defendant relies on *State v. Green,* 707 S.W.2d 481 (Mo.App.1986) and *State v. Newman,* 568 S.W.2d 276 (Mo.App.1978), where the courts held that inquiry regarding parole was improper because the state excessively cross-examined the defendants about time served and parole revocations. Here, the state asked if defendant had received parole and if drinking and trespassing would breach his parole in order to imply that his testimony of climbing to the roof to drink alcohol was not credible because of the risk of parole revocation. It is clear that the purpose of the state's inquiry was not to prove defendant's guilt but to attack his credibility. Thus, no error occurred in the cross-examination or the final argument on the issue.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.