**STATE of Missouri, Respondent,**

v.

**James RANDELL, Appellant.**

**No. ED 91726.**

Missouri Court of Appeals, Eastern District, Division Four.

June 23, 2009.

Ellen H. Flottman, Columbia, MO, for appellant.

Chris Koster, Mary H. Moore, Jefferson City, MO, for respondents.

KENNETH M. ROMINES, Judge.

### Introduction

James Randell appeals the judgment of the Circuit Court of St. Louis County, the Honorable John A. Ross presiding, which sentenced him to 13 years in prison as a prior and persistent offender after a jury found him guilty of felony stealing, § 570.030 RSMo. (2000).[1] Because the trial court did not err in refusing Randell's proffered instruction on attempted stealing, we affirm.

### Factual and Procedural Background

Rick Putnam was employed in loss prevention at a Home Depot store in St. Louis County during time period relevant to this appeal. On 18 August 2006, Putnam observed James Randell place a DeWalt power washer, priced at $699, on a flat cart. Randell pushed the cart into the outside garden area. Putnam saw Randell get down on his hands and knees and peep through some plants toward the cashier. When Randell saw that the cashier was busy, he pushed the cart quickly past the register toward the exit of the store.

Putnam confronted Randell as Randell was crossing the yellow markers at the exit of the store. Putnam told Randell that he knew Randell did not pay for the power washer. Randell flashed a receipt at Putnam, which turned out to be a two-month-old grocery receipt. As all this was happening, a truck that had been waiting by the exit with its engine running sped away. Putnam took Randell to the store's loss prevention office and called the police. Randell was charged and convicted of felony stealing, RSMo. § 570.030. He was sentenced as a prior and persistent offender to 13 years in prison. He appeals his conviction, arguing that the trial court erred in refusing to instruct the jury on the lesser-included offense of attempted stealing.

### Standard of Review

■ Whether a court should instruct on a lesser-included offense is a legal question that we determine independently. As to the facts, we view the evidence in the light most favorable to the defendant. *State v. Thomas,* 161 S.W.3d 377, 380 (Mo. banc 2005).

### Discussion

■ The test for determining whether to instruct on a lesser-included offense is set forth in § 556.046.2. A court must instruct the jury on a lesser-included offense when there is a basis in the evidence for acquitting the defendant of the immediately higher offense and convicting the defendant of that particular included offense. § 556.046.2. This basis need not include any affirmative evidence put on by the defendant. *State v. Pond,* 131 S.W.3d 792, 794 (Mo. banc 2004). When in doubt, a trial court should give the instruction. *State v. Thomas,* 161 S.W.3d 377, 380 (Mo. banc 2005).

■ In order to prove stealing, the State must show that the defendant appropriated the property or services of another with the purpose to deprive the other permanently of his or her use either by coercion or deceit or without the owner's consent. RSMo. § 570.030.1; *State v. Vineyard,* 839 S.W.2d 686, 691 (Mo.App. E.D.1992). The difference between this

---

1. All statutory references are to RSMo. (2000) unless otherwise indicated.

offense and attempt is whether Randell completed the crime. Where the State's evidence proves a completed crime, the trial court is not required to instruct the jury on an attempted crime. *State v. Williams*, 597 S.W.2d 722, 723 (Mo.App. E.D.1980).

 Randell disputes only the element of appropriation, arguing that the State did not prove he passed through the yellow exit markers and therefore there was not enough evidence to show he completed the crime. We disagree. The evidence is clear that Randell did appropriate the power washer. Putnam observed Randell push the cart past all points of sale to the exit. The fact that Randell had control over the property for an instant and moved it a short distance is evidence enough to show completion of stealing. *Vineyard*, 839 S.W.2d at 691. Here he passed the registers and moved toward the exit, at which point Putnam stopped him. This was enough to show he completed the crime of stealing and thus an instruction on attempted stealing was unnecessary. Point denied.

### Conclusion

The trial court did not err in refusing Randell's proffered instruction for attempted stealing because there is no basis in the evidence to acquit Randell of the completed crime of stealing.

AFFIRMED.

KATHIANNE KNAUP CRANE, P.J., and MARY K. HOFF, J., concur.