**STATE of Missouri, Respondent,**

v.

**Charles WILLIAMS, Appellant.**

**No. 40821.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 8, 1980.

Robert Babione, John Putzel, St. Louis, for appellant.

George Peach, Circuit Atty., Jeff Cowin, St. Louis, John Ashcroft, Atty. Gen., Paul Robert Otto, Lisa M. Camel, Asst. Attys. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of stealing property with a value of at least $50.00. Under the Second Offender Act, he was sentenced by the court to eight years in the Department of Corrections. Defendant appeals from the judgment and sentence imposed by the court.

The incident occurred December 3, 1977 at Pete's Market in the City of St. Louis. Ms. Beneddie Brice, a cashier at the market, saw the defendant open the cash drawer of the register located across from hers, stick his hand in the drawer, and take money out of the drawer. Ms. Brice grabbed the defendant and asked him to put the money down. He dropped the money on top of the cash drawer. The money was collected by Ms. Brice and Mr. Richard Bursley, the manager of the store. Mr. Bursley placed the money in one of the empty slots in the cash drawer. The total amount of money taken was $280.00.

On appeal, defendant first contends that the court erred when it refused to give his requested instruction on attempted stealing, MAI–CR 2.06. He argues that the state's evidence failed to "prove as a matter of law that a stealing had taken place in that there was evidence that appellant never had adequate control over the allegedly stolen money."

▆ We believe the evidence established a completed offense of stealing. Ms. Brice specifically testified that she saw the defendant reach into the drawer and that when he removed his hand he had money in it. The fact that defendant had control of the money for only a few seconds does not require a contrary conclusion under the law. "[I]f one in the course of a robbery or larceny (and with the other elements present) gains control of the property *even for an instant* the crime is complete." *State v. Van*, 543 S.W.2d 827, 831 (Mo.App. 1976) *quoting from State v. Murray*, 280 S.W.2d 809, 812 (Mo.1955) (emphasis original). The length of the dominion over the property is immaterial. *State v. Knabe*, 538 S.W.2d 589, 592 (Mo.App.1976). Where, as here, the state's evidence proves a completed crime, the trial court is not required to give an instruction on an attempted crime. *State v. Van*, 543 S.W.2d at 831; *State v. Thomas*, 525 S.W.2d 833, 835 (Mo.App.1975). We rule this point against the defendant.

Defendant's second point concerns an alleged comment by the prosecuting attorney on defendant's failure to testify. The prosecutor's statement made during closing argument is as follows: "In fact, ladies and gentlemen of the jury, at the close of the state's case the defense was free to put on any evidence they may have had and none is forth coming [sic]." Defendant made a

timely objection to this statement which the trial court sustained, but the court denied his request for a mistrial. He argues that the court's refusal to grant a mistrial was error. Defendant did not raise this point in his motion for new trial, but requests that we review the statement under the plain error rule, Rule 30.20.

The State is, of course, prohibited from commenting on the defendant's failure to testify. § 546.270 RSMo 1978. However, § 546.270 does not "prohibit a reference to the failure of a defendant to offer evidence but only to the failure of the accused to testify." *State v. Sechrest*, 485 S.W.2d 96, 98 (Mo.1972). *Accord State v. Hodges*, 586 S.W.2d 420, 427 (Mo.App.1979). The statement made by the prosecutor in this case was proper as a permissible remark on the failure of defendant to produce any evidence in his own behalf. Comments similar to the one made here have been held not to be an infringement of the statute. *E. g., State v. Thompson*, 425 S.W.2d 80, 85 (Mo.1968); *State v. Hodge*, 399 S.W.2d 65, 68 (Mo.1966). Since the statement was proper, the trial court did not commit plain error by denying defendant's request for a mistrial.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.