**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Leo C. OJEDA, Defendant/Appellant.**

**Leo C. OJEDA, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

Nos. 58215, 59792.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 20, 1991.

■

---

Marcie C. Bower, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendant appeals following his conviction by a jury of first degree burglary, § 569.160, RSMo 1986, and stealing property with a value over $150, § 570.030, RSMo 1986. The jury assessed his sentence at nine years for the offense of burglary and three years for the offense of stealing. The court sentenced defendant in accordance with the jury's assessment and ordered that the sentences be served consecutively. After sentencing, defendant filed a timely but unverified Rule 29.15 motion, which was followed by a verified First Amended Motion. The motion court dismissed the Rule 29.15 motion for lack of jurisdiction because of the original motion's lack of verification. Defendant appeals this ruling and the conviction for stealing. We have consolidated these appeals for review pursuant to Rule 29.15(*l*). We affirm the convictions and reverse the dismissal of the Rule 29.15 motion.

The evidence reveals that on March 4, 1989, Dorothy Martell was at her Washington, Missouri home. She awoke around 4:30 a.m., did some ironing, and showered. At about 6:00 a.m. Ms. Martell went to the front of the house and found the front door ajar. When she turned a hallway light on she heard a noise come from the den. She saw the defendant's shadow through the door and asked him what he was doing in her house. Defendant answered that he did not know, leaned over and placed something in the lounge chair next to him. He then walked in front of Ms. Martell, left the house, and ran across the street. Ms. Martell dialed 911 and awaited the arrival of the police. When she returned to the den she found her video cassette recorder, valued at $400, on the lounge chair and a calculator, valued at $35, on the floor between the couch and the television stand. Police apprehended the defendant one block from the Martell home. Ms. Martell was immediately taken to the defendant and identified him. She also made a positive in-court identification.

On appeal, defendant challenges the sufficiency of the evidence to sustain a conviction on the stealing charge. When reviewing such a claim, we accept as true all evidence tending to prove defendant guilty together with all reasonable inferences which support the verdict. We ignore all contrary evidence and inferences.

*State v. Rousan,* 752 S.W.2d 388, 389 (Mo. App.1988).

Defendant was convicted under § 570.-030.1, RSMo 1986, which states, "[a] person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion." " 'Appropriate' means to take, obtain, use, transfer, conceal or retain possession of." § 570.010(2), RSMo 1986. Defendant contends that there was insufficient evidence to demonstrate that the VCR and calculator were "appropriated" within the meaning of the statute.

The facts here are similar to those in *State v. Williams,* 597 S.W.2d 722 (Mo. App.1980), where the defendant opened a cash register and took money from the drawer. When the cashier grabbed the defendant and asked him to put the money down, he dropped the money on top of the cash drawer where the store manager collected it. *Williams,* 597 S.W.2d at 722. This court held that the evidence established a completed offense of stealing, ruling that "if one in the course of a robbery or larceny (and with the other elements present) gains control of the property *even for an instant* the crime is complete. The length of the dominion over the property is immaterial." *Williams,* 597 S.W.2d at 723 (citations omitted) (emphasis in original). Ms. Martell's testimony revealed that defendant had disconnected the VCR and moved the calculator from its normal position. When confronted by Ms. Martell, the defendant put the VCR in the chair. Defendant's control of the VCR and calculator, "even for an instant", was sufficient to complete the crime of stealing.

Defendant also challenges the motion court's dismissal of his Rule 29.15 motion for lack of jurisdiction. Defendant's notice of direct appeal to this court was filed on March 30, 1990, and the transcript on appeal was filed June 28, 1990. Defen-

dant filed an unverified [1] *pro se* Rule 29.15 motion on July 24, 1990. Defendant claims that a notary public was not available to him in sufficient time to allow his motion to be verified before the filing deadline. Following appointment of counsel and an extension of time to file, defendant's verified First Amended Motion was filed on October 24, 1990. The court dismissed the motion, ruling that because the original motion was unverified, the First Amended Motion was untimely and the court no longer had jurisdiction.

The Missouri Supreme Court recently considered the issue of whether the motion court has jurisdiction over a defendant's post conviction proceedings when a timely filed, properly verified amended motion is filed subsequent to the filing of an unverified *pro se* motion in *Wilson v. State,* 813 S.W.2d 833 (Mo.1991). While *Wilson* addressed this issue in the context of a Rule 24.035 motion, we find that the reasoning applies equally to Rule 29.15 proceedings. The *Wilson* court held, "Because the sole deficiency in the *pro se* motion, the absence of verification, was remedied by a timely filed, verified, amended motion that presented the claims litigated in this proceeding, the purpose of the verification requirement was satisfied in this case." *Wilson,* at 834. We find that the motion court has jurisdiction to proceed on the amended motion.

Defendant's conviction is affirmed. Dismissal of defendant's Rule 29.15 motion is reversed and remanded to the motion court for further proceedings.

GARY M. GAERTNER and CRANE, JJ., concur.

---

**1.** The motion was attested by two witnesses but was not notarized. The motion otherwise con-

formed with the requirements of Rule 29.15(d).