**STATE of Missouri, Respondent,**

v.

**Richard D. HARGRAVE, Appellant.**

**Richard D. HARGRAVE, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. WD 50033, WD 51128.

Missouri Court of Appeals,
Western District.

Feb. 13, 1996.

Judith C. LaRose, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and
BRECKENRIDGE and SMITH, JJ.

SMITH, Judge.

Richard Hargrave was convicted, after a jury trial, of the class C felony of stealing, § 570.030, RSMo 1994, and sentenced as a prior and persistent offender to ten years in the Missouri Department of Corrections. A motion for judgment of acquittal was filed at the close of the evidence, but overruled. Hargrave filed a *pro se* Rule 29.15 motion seeking post-conviction relief. Appointed counsel filed an amended motion and requested an evidentiary hearing. His request for post-conviction relief was denied without an evidentiary hearing. Hargrave appeals the judgment of conviction and the denial of his motion for postconviction relief. The direct appeal and the Rule 29.15 appeal are consolidated. The judgment of conviction and order denying his Rule 29.15 motion without an evidentiary hearing are affirmed.

## FACTS

Appellant was charged as a prior and persistent offender by felony information in the Circuit Court of Buchanan County, Missouri, with the class C felony of stealing, in violation of § 570.030, RSMo 1994.

On July 11, 1994, appellant was tried by a jury before the Honorable Patrick K. Robb. At the close of the evidence, appellant filed a motion for judgment of acquittal which was overruled. The jury returned a verdict finding appellant guilty of the class C felony of stealing.

On September 7, 1994, the trial court orally sentenced appellant as a prior and persistent offender to ten years imprisonment and ordered his sentence to run consecutive to his prior Buchanan County and Taney County convictions.

On September 15, 1994, the trial court entered its *Sentence and Judgment* sentencing appellant to 10 years as a prior offender to run consecutive to all other "charges." On September 30, 1994, the trial court entered an *Amended Sentence and Judgment* sentencing appellant to 10 years as a prior *and* persistent offender to run consecutive to all other "charges."

On January 3, 1995, appellant filed a timely *pro se* Rule 29.15 motion for postconviction relief. On March 2, 1995, appointed counsel filed a first amended motion and a request for an evidentiary hearing. On April 17, 1995, the motion court entered its findings of fact and conclusions of law denying appellant's request for an evidentiary hearing and his motion for post-conviction relief.

## I. DIRECT APPEAL

In point one, appellant asserts the trial court erred in denying his motion for acquittal at the close of all the evidence in that there was insufficient evidence from which the jury could find beyond a reasonable doubt he stole faucets from Payless Cashways. We disagree.

█ In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which the trier of fact could have reasonably found guilt. *State v. Sladek*, 835 S.W.2d 308, 310 (Mo. banc 1992). In making that determination, the appellate court accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the finding, and all contrary evidence and inferences are ignored. *Id.* at 310. The appellate court does not weigh the evidence or decide the credibility of witnesses. *State v. Silvey*, 894 S.W.2d 662, 672 (Mo. banc 1995).

Appellant presents a two-fold argument concerning the sufficiency of the evidence. First, he asserts there was insufficient evidence to find he was the individual who stole from Payless Cashways. Secondly, he asserts the State failed to prove he actually appropriated the property of another.

## A. SUFFICIENCY OF EVIDENCE AS TO IDENTITY

At trial, a total of six witnesses testified; three for the State and three for appellant. Two of the State's witnesses identified appellant as the perpetrator. After hearing all of the evidence, the jury returned a guilty verdict.

█ It is apparent from the verdict that the jury chose to believe the State's witnesses and not the witnesses presented by appellant. The jury determines the reliability and credibility of witnesses. *State v. Sumowski*, 794 S.W.2d 643, 645 (Mo. banc 1990). It is within a jury's province to believe all, some, or none of the witnesses' testimony. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989).

█ The testimony of two eyewitnesses established that, on December 12, 1993, they observed appellant both inside and outside Payless Cashways with the items he was convicted of stealing. Appellant was also observed leaving the store and getting into a car with three other individuals. In addition, there was testimony as to the description of the perpetrator and the likeness of that description to appellant.

Accepting the State's evidence as true and ignoring evidence to the contrary, the evidence presented was sufficient from which a reasonable juror could have concluded that appellant was, in fact, the person who appropriated faucets from Payless Cashways on December 12, 1993.

## B. SUFFICIENCY OF EVIDENCE AS TO APPROPRIATION

Appellant argues that the State failed to prove he appropriated property of another because the faucets he was convicted of appropriating never left the Payless Cashways store. We disagree.

█ To establish appropriation, the State was not required to show the faucets

were completely removed from the Payless Cashways store. *State v. Ojeda,* 814 S.W.2d 9, 11 (Mo.App.1991). It was sufficient that the State established appellant had control over the faucets adverse to the ownership rights of Payless Cashways, even for an instant, and moved them a short distance. *State v. Vineyard,* 839 S.W.2d 686, 691 (Mo. App.1992). Here, eyewitnesses testified that appellant was observed carrying boxes, not in a sack or marked with tape indicating their purchase, out Payless Cashways entrance doors. That evidence alone was sufficient for a reasonable juror to conclude the appellant appropriated the faucets as charged.

Point I denied.

## II. RULE 29.15 MOTION

In point two, appellant contends that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing. He claims that the oral pronouncement of sentence and the *Amended Sentence and Judgment* were at odds. In support of his claim, he argues he was orally sentenced to 10 years imprisonment to run consecutive only to his Taney County conviction, but the *Amended Sentence and Judgment* stated the term was to run consecutive to all other "charges," which would include his prior Buchanan County conviction.

■ In reviewing the denial of a Rule 29.15 motion for post-conviction relief, appellate review is limited to whether the motion court's findings of fact and conclusions of law were clearly erroneous. *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991). The motion court's findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire record, the court is left with a definite and firm impression that a mistake has been made. *Id.* To be entitled to an evidentiary hearing, (1) a movant must allege facts, not conclusions, which, if true, would warrant relief, (2) the facts must raise matters not refuted by the record, and (3) the matters complained of must have resulted in prejudice to the movant. *Gillespie v. State,* 785 S.W.2d 725, 726 (Mo.App.1990).

■ The motion court found that appellant's claim was not cognizable under Rule 29.15. Without deciding that issue, we find he would not have been entitled to an evidentiary hearing and post-conviction relief because the sentencing hearing record specifically refutes his claim. The record provides in pertinent part:

THE COURT: So the court at this time is going to sentence you to ten years in the Missouri Department of Corrections. The court is going to order that sentence to run consecutive to the sentence that you have previously been given in Buchanan County, Missouri, which you were previously on parole for. However, has that parole been terminated now?

APPELLANT: No, sir, your Honor.

THE COURT: But you have been sentenced since then, as I recall from the presentence report. Didn't you get convicted in Platte County or Clay County?

APPELLANT: No, sir.

THE COURT: Taney County; is that right?

APPELLANT: That was in 1988, your Honor.

THE COURT: Is that over with too?

APPELLANT: Yes, sir.

THE COURT: Is that your last conviction?

APPELLANT: Yes, sir.

THE COURT: You have been in custody since you were arrested on this charge [of stealing]; is that correct?

APPELLANT: I have been in the Department of Corrections coming back and forth.

THE COURT: Well, then you're still serving time in the Department of Corrections?

APPELLANT: Yes.

THE COURT: For what?

APPELLANT: A conviction from '88, I guess.

THE COURT: Well, this sentence is going to run consecutive to the Taney County conviction. I want to make sure that's clear. If you have been given credit on this for Taney County, you're not going to

get any credit for time spent. Do you understand that?

APPELLANT: Yes, sir.

Reading the record together with the *Amended Sentence and Judgment*, we find there is no discrepancy between the oral and written sentences of the trial court as alleged. "Charges" as used in the written judgment entry clearly refers to appellant's conviction in Taney County as well as his prior conviction in Buchanan County, which was explained in detail by the trial court to appellant at the sentencing hearing.

■ Even assuming, *arguendo*, that a material discrepancy did exist between the oral and written sentences, the oral would control, *State v. Johnson*, 864 S.W.2d 449, 451 (Mo.App.1993), in which case appellant can show no prejudice. The oral sentence handed down by the trial court provided that appellant serve his sentence consecutive to his Taney County conviction as well as his prior Buchanan County conviction. The controlling oral sentence renders the exact result which the appellant is trying to avoid in his motion for postconviction relief. Consequently, his claim has no merit whether presented on direct appeal or pursuant to a post-conviction relief motion.

We find the record specifically refutes appellant's claim and as a result he was not entitled to an evidentiary hearing or the post-conviction relief requested. We further find that the findings of fact and conclusions of law of the motion court were not clearly erroneous.

Point II is denied.

The judgment of conviction and order denying the Rule 29.15 motion are affirmed.

All concur.