351 S.W.3d 243 (2011)
In the Interest of: T.B.
No. ED 96283.
Missouri Court of Appeals, Eastern District, Division Two.
October 25, 2011.
Patricia Ann Harrison, St. Louis University Law Clinic, Brocca Smith, St. Louis, MO, for appellant.
Glenn Hunt, Margaret Gangle-Casinger, St. Louis, MO, for respondent.

Background and Procedural History
KENNETH M. ROMINES, J.
This is a sufficiency of the evidence case.
On 25 January 2011, the Juvenile Division of the City of St. Louis Circuit Court found that the Juvenile Officer had proven beyond a reasonable doubt that T.B. had committed the offense of stealing in violation of Section 570.030(3).[1]
At trial, Jessie Charleston (Victim) testified that on 28 December 2010, a 1993 Dodge Intrepid was parked in front of his home. Victim testified that his mother owned the car, but he had possession of it with her permission.
*244 Victim stated that around 12:00 p.m. on 28 December while inside his home, he heard a sound like brakes "skirting" or trying to move. When he looked out his window, Victim saw the car was gone. He then ran outside and saw the car running at the end of his street. The driver's side door was open. As Victim walked toward the car, a head popped up in front of it. The person appeared to be inspecting the tires or underside of the car. Victim approached this person and asked what he was doing. At this point, Victim was at the back of the car and the person was at the front. The person ran away. Victim testified that he never saw the person in the car. After the person ran away, Victim looked inside the car and saw that the ignition had been torn out.
Approximately 20-30 minutes after the incident, police arrested T.B. a few blocks away and handcuffed him. Police brought Victim to where they had arrested T.B. and Victim identified him as the person he had seen in front of the car.
At the close of evidence T.B. filed a motion for judgment of acquittal which was denied. The court ruled that T.B. had committed the offense of stealing.

Standard of Review
Juvenile proceedings are reviewed under the same standard as any other court-tried case. In re J.A.H., 293 S.W.3d 116, 119 (Mo.App. E.D.2009).
In reviewing a challenge to the sufficiency of evidence, this court's role is to "determine whether enough evidence was produced at trial that a reasonable person could conclude that the accused was guilty." This court will not weigh the evidence. Evidence that supports the verdict is accepted as true, and the State is accorded all favorable inferences therefrom. Adverse evidence and inferences are disregarded.
State v. Martin, 211 S.W.3d 648, 651 (Mo. App. W.D.2007).

Discussion
In his sole point on appeal, T.B. claims there was insufficient evidence to find that he had committed the offense of stealing because the State failed to prove every element of the offense beyond a reasonable doubt. Specifically, T.B. claims the State failed to prove that Teresa McKenzie, mother of Victim, owned the car, or that T.B. intended to deprive Ms. McKenzie of her property.
Section 570.030 provides: "A person commits the crime of stealing if [1] he or she appropriates property or services [2] of another [3] with the purpose to deprive him or her thereof, [4] either without his or her consent or by means of deceit or coercion." In a juvenile proceeding the State must still prove every element of the charged offense beyond a reasonable doubt. In re J.A.H., 293 S.W.3d at 120.
T.B. complains that the State failed to prove that the car was the property "of another." The second amended petition alleged that the car was owned by Teresa McKenzie. T.B. argues that since Ms. McKenzie did not testify that she was the owner of the car, the State failed to prove this element. Ms. McKenzie's son did testify that his mother owned the car and that he had permission to use it.
Contrary to T.B.'s contention, the identity of the owner is not an element of stealing. State v. Fowler, 938 S.W.2d 894, 896 (Mo. banc 1997). "Instead, the purposes of alleging, proving, and submitting for a jury finding, the ownership of property stolen [is] to show the ownership is not in the accused. . . ." Id. at 896-97. The State need not prove who actually owned the property, just that it did not belong to the accused. Id. Evidence that *245 the property was taken from one who had "charge and control" of the property is enough to satisfy this element. State v. Wilhite, 587 S.W.2d 321, 324 (Mo.App. E.D.1979). Victim's testimony regarding his mother's ownership of the car and his right to possession was enough to satisfy the State's burden. Id.
Next T.B. complains that there was no evidence that he appropriated the car. "`Appropriate' means to take, obtain, use, transfer, conceal or retain possession of." Section 570.010(2). Victim testified that he saw T.B. standing in front of the car, inspecting it, while the driver's side door was open, but he admitted he did not actually see T.B. inside the car. T.B. argues that the fact that Victim never saw him in the car precludes the conclusion that he "appropriated" it.
As no one saw T.B. take the car, or even saw him in the car, the State's case was based on circumstantial evidence. This fact alone is not fatal. A defendant may be convicted based on circumstantial evidence alone if the evidence, with all inferences taken in favor of guilt and all contrary inferences disregarded, is such that a reasonable juror might have found the defendant guilty beyond a reasonable doubt. State v. Grim, 854 S.W.2d 403, 405 (Mo. banc 1993).[2]
Here, Victim's testimony that he saw T.B. in front of the car, that T.B. fled the scene when he confronted him, that the car had been moved without Victim's permission, and that the ignition had been removed from the steering column, taken together and with favorable inferences drawn therefrom are sufficient to sustain the trial court's determination.
T.B. also argues that the State did not prove he had the requisite "intent to deprive." As with the element of appropriation, intent to deprive may be proven by circumstantial evidence. State v. Martin, 211 S.W.3d 648, 651 (Mo.App. W.D.2007). Indeed as this is a subjective state of mind, circumstantial evidence is often the only kind available. Where a defendant has control of property even for an instant and subsequently abandons it, he has manifested the required intent. Id. at 652. The same evidence discussed above regarding appropriation also establishes T.B.'s intent.
T.B. devotes a significant portion of his brief to challenging the reliability of Victim's identification of him. Reliability goes to the admissibility of an eyewitness' identification. See State v. Williams, 717 S.W.2d 561, 563 (Mo.App. E.D.1986). T.B. did not challenge the admissibility of Victim's identification in his Point Relied On.
Rule 84.04(e) limits the argument portion of the brief to those errors included in the "Points Relied On." We determine only those questions stated in the points relied on. Accordingly, in addressing movant's points on appeal, we consider all arguments encompassed by each point relied on, but we do not consider arguments and issues raised in the argument portion of the brief which are not encompassed by the points relied on.
Helmig v. State, 42 S.W.3d 658, 666 (Mo. App. E.D.2001) (internal citations omitted).
As T.B. only raised the issue of reliability in the Argument section of his brief, we do not consider it.

*246 Conclusion

Even though much of the evidence was circumstantial, the State presented sufficient evidence from which a reasonable person could have concluded that T.B. had committed the offense of stealing. The judgment of the trial court is affirmed.
KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY, J., concur.
NOTES
[1] All statutory references are to RSMo (2010) unless otherwise noted.
[2] The old rule that "when the state's case rests upon circumstantial evidence, the facts and circumstances must be consistent with each other and with the hypothesis of defendant's guilt, and they must be inconsistent with his innocence and exclude every reasonable hypothesis of his innocence" was abrogated by State v. Grim.